ANNIE V. KELLER vs. INHABITANTS of WINSLOW.

Kennebec.    Opinion December 19, 1891.

*Way.    Defect.    Notice.    R. S., c. 18, § 80.*

By R. S., c. 18, § 80, a person injured by a defect in the highway, is required before bringing suit therefor to give written notice, " setting forth his claim for damages."

Where the wife is injured and her husband gives written notice thereof, and that he claims damages, saying nothing of the wife's claim for damages, *Held :* That an action by the wife cannot be maintained.

ON REPORT.

The case, which came up from the Superior Court for Kennebec County, is stated in the opinion.

*W. T. Haines,* for plaintiff.

*Webb, Johnson and Webb,* for defendants.

EMERY, J.    This is an action by Annie V. Keller, on R. S., ch. 18, § 80, to recover damages for personal injuries which she alleges she received through a defect in a road in the defendant town.    She did not personally, within fourteen days after the reception of the injury, give to the municipal officers notice in writing " setting forth her claim for damages," but within that time her husband, Hollis Keller, with her consent and even by her authority, undertook to give the written notice required by the statute.

The husband gave two notices in writing, each purporting to be given by him and to be signed by him.    The notices stated that the wife was injured, and where and how she was injured. In the first notice the only claim for damages set forth was in these words, "I [the husband] claim damages of the town of Winslow."    In the second notice the only claim for damages set forth was in these words, "for which injury and damage, [to the person and clothing of the wife] I [the husband] claim damages of the town of Winslow."

It is clear from the reading the notices, that the only claim made for damages, the only claim set forth, is the claim of the husband. Neither of the notices states that the wife makes any claim for

damages. The statute requires that the claim of the plaintiff in the action for damages should be set forth in the notice preliminary to the action. In these notices we have notice that the husband claims damages, but none that the wife, the plaintiff, claims damages.

The plaintiff's counsel vigorously attacks the reasoning and conclusion in the opinion in *Hubbard* v. *Fayette*, 70 Maine, 121 ; but they still seem to us sound and decisive. The statute is clear and imperative, and should not be modified by construction. *Wagner* v. *Camden*, 73 Maine, 485.

*Judgment for the defendants.*

PETERS, C. J., WALTON, VIRGIN, FOSTER and HASKELL, JJ., concurred.